# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PARKER DUPONT, ) | |
| ) | |
| *Plaintiff*, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | |
| MATTRESS FIRM INC. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| *Defendant*. ) | |
| ) | |

## COMPLAINT

COMES NOW, Plaintiff Parker Dupont by and through her undersigned counsel of record and sets forth this Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended, against Mattress Firm ("Defendant Employer" or "MF") as set forth below:

## JURISDICTION AND VENUE

1.

This action is for ADA discrimination and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

2.

This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3.

Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4.

Plaintiff is a citizen of Georgia, and Plaintiff is a former employee of MF.

5.

Defendant Employer is a for-profit corporation registered to conduct business in the state of Georgia.

6.

Defendant Employer may be served through its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046-4805, if service of process is not waived.

7.

This Court has personal jurisdiction over Defendant Employer.

## STATEMENT OF FACTS

8.

Defendant Employer is a covered employer within the meaning of the ADA.

9.

During all times relevant to this lawsuit, Defendant Employer employed more than (15) fifteen employees for 20 or more consecutive weeks from 2017-2020.

10.

Defendant Employer is a national mattress retailer.

11.

Plaintiff began working for MF on or around March 15, 2015.

12.

During the hiring process, MF required Plaintiff to submit to a urine drug test.

13.

Plaintiff was unable to provide a urine sample due to a medical disability. However, to accommodate this disability, Plaintiff was afforded a second opportunity to test and he passed his test.

14.

Plaintiff became a top performer for MF.

15.

In 2017 Plaintiff was promoted to the position of Events and Exposition Sales Specialist ("E&E").

16.

E&E is MF's traveling elite sales team that travels to and attends special events across the county like trade shows, conventions, fairs, etc.

17.

In October 2019, Plaintiff was scheduled to work the Texas State Fair in Dallas, Texas.

18.

On or around October 23, 2019 at the conclusion of the Fair, the E&E team attendees were told that they were going to be drug tested.

19.

Plaintiff attempted to provide a urine sample, but he was unable to do so.

20.

Plaintiff notified Defendant that he was not refusing to provide a urine sample but rather he was unable to provide a urine sample due to his disability.

21.

Plaintiff offered to take a blood or hair follicle drug test as a reasonable accommodation.

22.

Plaintiff made Defendant aware that he had a medical disability and requested that he be provided with an accommodation; in effect, that he be allowed to take a different form of drug test instead of a urine test.

23.

MF refused Plaintiff's request for accommodation.

24.

MF refused to engage in the deliberative process to find a reasonable accommodation.

25.

When Plaintiff was unable to provide a urine sample, he was suspended.

26.

On or around November 1, 2019, Plaintiff was fired.

27.

Plaintiff was fired due to his disability, MF's refusal to engage in the deliberative process regarding an accommodation, and/or in retaliation for Plaintiff's request for an accommodation.

28.

On or around November 13, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") Atlanta District Office for disability discrimination and retaliation in violation of the Americans with Disabilities Act. (See "Exhibit A")

29.

The EEOC issued Plaintiff his Right to Sue Letter (See "Exhibit B")

30.

This suit has been commenced within 90 days of Plaintiff's receipt of his Right to Sue Letter.

## COUNT I

## <u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (Failure to Accommodate and Discharge Due to Disability)</u>

31.

Plaintiff incorporates the above paragraphs as if more fully set forth herein.

32.

Plaintiff had a disability as detailed above that substantially limited multiple life activities.

33.

Plaintiff suffered from a disability as defined by the ADA.

34.

Plaintiff was qualified for his job at the time of his termination by Defendant Employer.

35.

Plaintiff made a request for a reasonable accommodation which would allow him to show that he was not taking drugs.

36.

Defendant Employer refused to make reasonable accommodations for Plaintiff's known limitations.

37.

Plaintiff was discharged, harassed, and treated less favorably by Defendant Employer due to his disability.

38.

Defendant Employer's actions complained of herein have caused damage to Plaintiff, including but not limited to lost wages, diminished employment opportunities, lost benefits, and all other forms of damages allowed by law.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE ADA

39.

Plaintiff incorporates by reference the paragraphs above as if fully set forth herein.

40.

Plaintiff timely requested an accommodation for his disability.

41.

After knowledge of his disability and request for accommodation, Defendant Employer retaliated against Plaintiff by first suspending Plaintiff without pay, and then terminating him.

42.

Defendant Employer's actions complained of herein have caused damage to Plaintiff, including but not limited to lost wages, diminished employment opportunities, lost benefits, and all other damages allowed by law.

**WHEREFORE**, the Plaintiff prays as follows:

(a)   that process issue;

(b)   that a trial by jury to all issues be had;

(c)   judgment against Defendant Employer for any and all general, special, and, where applicable, liquidated and punitive damages as allowed by

law under each and every count and cause of action contained in this complaint;

(d) for injunctive relief;

(e) for all costs of this action to be taxed against Defendant Employer;

(f) for all costs and attorney's fees to be awarded to Plaintiff;

(g) that damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate be awarded Plaintiff;

(h) that equitable relief in the form of reinstatement or front pay, as the Court deems appropriate be awarded Plaintiff;

(i) that witness fees, and costs of this action be awarded Plaintiff; and,

(j) for any and all other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted, this 10th day of December, 2020.

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com

The Mixon Law Firm
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Phone: (770) 955-0100
Fax: (678) 999-5039